IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Kimberla Jean Williamson, ) | |
| ) | Civil Action No. 8:16-cv-02915-TMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Nancy A. Berryhill, Acting Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

The plaintiff, Kimberla Jean Williamson ("Williamson"), brought this action pursuant to the Social Security Act ("SSA"), 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner"),[1] denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(a), D.S.C., this matter was referred to a magistrate judge for pretrial handling. Now before this court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court affirm the Commissioner's decision. (ECF No. 17).[2] In the Report, the magistrate judge sets forth the relevant facts and legal standards, which are incorporated herein by reference. Williamson filed objections to the Report (ECF No. 19), and the Commissioner responded to those objections (ECF No. 21). Accordingly, this matter is now ripe for review.

---

[1] Nancy A. Berryhill became the Acting Commissioner of the Social Security Administration on January 23, 2017. Pursuant to Fed. R. Civ. P. 25(d), Berryhill should be substituted for Carolyn W. Colvin as the defendant in this action.

[2] The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## BACKGROUND

On April 8, 2013, Williamson filed applications for DIB and SSI, alleging a disability onset date of August 7, 2012. (ECF No. 10-5 at 1–14). These claims were denied both initially and on reconsideration by the Social Security Administration ("SSA"). (ECF No. 10-3). Williamson then requested a hearing before an Administrative Law Judge ("ALJ") (ECF No. 10-4 at 17), and on February 4, 2015, ALJ Marshall D. Riley conducted a video hearing on Williamson's claims for DIB and SSI (ECF No. 10-2 at 29–54). Williamson was represented by counsel at the hearing. (ECF No. 10-2 at 29). On February 19, 2016, the ALJ issued an opinion finding that Williamson was not disabled. (ECF No. 10-2 at 9–21).

In his decision, the ALJ found Williamson met the insured status requirements under the Social Security Act through December 31, 2015, and that Williamson had not engaged in substantial gainful activity since August 7, 2012, the alleged onset date of disability. (ECF No. 10-2 at 14). The ALJ further found that Williamson suffered from the following severe impairments: disorders of the spine, Restrictive Lung Disease, obesity, and Carpal Tunnel Syndrome, but found that Williamson did not have an impairment or combination of impairments that met or medically equaled the severity of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (ECF No. 10-2 at 14–15). Additionally, the ALJ calculated Williamson's residual functional capacity and determined that, though she would be unable to perform past relevant work, there were jobs in significant numbers in the national economy that she could perform. (ECF No. 10-2 at 15–19). Williamson subsequently appealed to the Appeals Council, and the Appeals Council denied her request for review of the ALJ's decision. (ECF No. 10-2 at 2–4). Therefore, the ALJ's decision became the final decision of the Commissioner. This action followed.

**STANDARD OF REVIEW**

The federal judiciary has a limited role in the administrative scheme established by the SSA. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). Thus, in its review, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] own judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

However, "[f]rom this it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Rather, "the courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157–58.

**DISCUSSION**

The magistrate judge filed a Report, recommending that the decision of the Commissioner be affirmed. (ECF No. 17). In her objections, Williamson stated that both the ALJ and the magistrate judge ignored the fact that Williamson required a cane to ambulate when they evaluated Williamson's residual functional capacity. (ECF No. 19 at 11–12). The court finds that the magistrate judge has fully addressed Williamson's concerns regarding the cane and that this

objection does not add any new argument to Williamson's earlier assertions; therefore, this is not a specific objection to the Report. Furthermore, the court agrees with the magistrate judge's analysis and determination on the issue of the use of the cane, and, therefore, the objection is overruled.

However, Williamson did file the following specific objections to the Report: (1) that the both the ALJ and the magistrate judge ignored the medical records of Dr. Parker Lilly, one of Williamson's treating physicians; (2) that the ALJ improperly disregarded the opinion of Certified Nurse Practitioner Wright; and (3) that the ALJ improperly discredited Plaintiff's testimony and the magistrate judge's evaluation of Plaintiff's credibility was internally inconsistent. (ECF No. 19). The court finds these objections without merit for the reasons stated below, and, therefore, overrules these objections.

## I. Medical Records of Dr. Parker Lilly

Williamson argues that the medical records of Dr. Parker Lilly, one of her treating physicians, has been "completely disregarded, ignored, and approached as if imaginary." (ECF No. 19 at 3). Williamson states that both the ALJ and the magistrate judge failed to acknowledge the existence of these records and that the ALJ improperly failed to assign these records any weight in his decision. (ECF No. 19 at 2). However, Williamson's contention that the ALJ ignored these records is wholly inaccurate. When describing Williamson's medical history, the ALJ did not specifically state which medical professional conducted each of the various tests or made each of the specific diagnoses. (ECF No. 10-2 at 14–19). However, the ALJ did cite to the medical records of Dr. Lilly when describing Williamson's medical history. *Id.* Specifically, the ALJ described how in March 2013, Williamson was diagnosed with restrictive lung disease, anemia, hypertension, and obesity; how she followed up with her primary care physician after

being hospitalized and diagnosed with diabetes mellitus in April 2013; how she was treated for complained of leg cramps in May 2013; how she was diagnosed with extremity cramps, lumbar stenosis, and obesity in May 2013; and how she was seen by a physician for swollen and painful legs in August 2013. (ECF No. 10-2 at 17). After discussing each of these facts, the ALJ cited to the medical records of Dr. Parker Lilly. *Id.* Additionally, the ALJ specifically stated that Williamson "has a cane prescribed by Dr. Lilly" but acknowledged that Williamson stated that she was "unable to continue seeing Dr. Lilly because she [did] not have insurance." (ECF No. 10-2 at 16). Moreover, the ALJ stated that he considered all of the medical evidence in reaching his determinations. (ECF No. 10-2 at 16). Based on this statement and the fact that the ALJ specifically described various records of Dr. Lilly's, the court finds that the ALJ did not ignore the medical records of Dr. Lilly, and, therefore, overrules Williamson's objection.

Plaintiff further objects to the ALJ not assigning a weight to Dr. Lilly's records. (ECF No. 19 at 3–4). In support of her assertion that the ALJ must assign these records with an appropriate weight, Williamson cites 20 C.F.R. §§ 404.1527(c) and 416.927(c), which set forth how the Social Security Administration considers medical opinions and what weight the Administration should give the opinions in considering claims for DIB and SSI. (ECF No. 19 at 3). However, as the magistrate judge clearly noted, Dr. Lilly did not offer a medical opinion regarding Plaintiff's functional limitations. (ECF No. 17 at 22, n.12). Still, Williamson asserts that because Dr. Lilly's records indicate diagnoses of various physical ailments, namely restrictive lung disease and muscle weakness, that Dr. Lilly's records are entitled to be treated as if they "clearly imply certain functional limitations. (ECF No. 19 at 4). She argues that, therefore, the records should be weighed as if they were a treating physician's opinion. (ECF No. 19 at 4).

5

Medical opinions, within the meaning of the Social Security Act, are defined as "statements from acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical and mental restrictions." 20 C.F.R. §§ 404.1527(a)(1), 416.927(a)(1).[3] While Dr. Lilly's treatment records do assess Williamson's symptoms and provide diagnoses, they do not express any judgments on the nature and severity of her impairments, on what she can do despite her symptoms, or on what her mental and physical restrictions might be. (ECF No. 10-9 at 73–98). For this reason, anything within Dr. Lilly's treatment records that could be construed as an "opinion" within the meaning of the Act would relate only to step-two of the five-step analysis of reviewing Williamson's claim, which deals with whether or not she suffers from a severe impairment.[4] Therefore, the ALJ did not err in not assigning a weight to Dr. Lilly's records when determining Williamson's residual functional capacity and her ability to work.

To the extent that Dr. Lilly's records could be construed as stating a medical opinion as to Willamson's diagnoses and symptoms, and that the ALJ erred by not assigning a weight to these records under step-two when determining whether or not she suffered from a severe impairment, the court finds any such error was harmless. At step-two of the analysis, the ALJ found that Williamson suffered from the following severe impairments: disorders of the spine,

---

[3] This definition has changed for cases filed after March 27, 2017. *See* 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2)(i). However, Williamson's case was filed on August 23, 2016, so the prior definition, found in 20 C.F.R. §§ 404.1527 and 416.927 applies.

[4] *See Cooper v. Comm'r of Soc. Sec.*, No. 16-11567, 2017 WL 3484494, at *5 (E.D. Mich. Aug. 15, 2017) (finding that anything that could be considered a "medical opinion" within the treatment records of one of the physicians "pertain[ed] only to symptoms, diagnosis, or prognosis" and, therefore, was only relevant to step two of the five-step analysis). *See also Winter v. Comm'r of Soc. Sec.*, No .12-11962, 2013 WL 4604782, at *3 (E.D. Mich. Aug. 29, 2013) (holding that because one of the physicians did not opine on what the plaintiff could "do despite her symptoms or on what her physical and mental restrictions might be due to her alleged symptoms," his medical records were "not the type of 'medical opinion' that the ALJ was required to consider under 20 C.F.R. § 404.1527(a)(2) and 416.927(a)(2)").

restrictive lung disease, obesity, and carpal tunnel syndrome. (ECF No. 10-2 at 14). Additionally, the ALJ determined that Williamson suffered from non-severe impairments of restless leg syndrome, anemia, hypertension, and gastrointestinal symptoms. (ECF No. 10-2 at 14–15). In making these determinations, the ALJ cited to Dr. Lilly's records. (ECF No. 10-2 at 15). It is clear that the ALJ considered Dr. Lilly's records and diagnoses of Williamson and relied substantially on those records in assessing Williamson's impairments.[5] Therefore, the court finds that the fact that the ALJ did not assign a specific weight to Dr. Lilly's records at this stage was, if in error, a harmless error. The court finds that Williamson was not prejudiced by the ALJ's failure to assign a weight to these records at stage-two. For these reasons, the court overrules Williamson's objection.

## II. Weight of Opinion of Certified Nurse Practitioner ("CNP") Wright

The ALJ assigned CNP Wright's opinion little weight because she made an opinion reserved for the Commissioner and because her findings were inconsistent with the objective evidence available. (ECF No. 10-2 at 18). The magistrate judge determined that the ALJ's weight determination was supported by substantial evidence and further stated that, as an "unacceptable medical source," CNP Wright's opinion was not entitled to any deferential weight. (ECF No. 17 at 20). Williamson objected to the determination that the ALJ's weight determination was supported by substantial evidence and further objected to the magistrate judge asserting that CNP Wright's opinion was not entitled to the treating physician rule since the ALJ had not relied on this analysis in his opinion. (ECF No. 19 at 8–9).

The court finds that CNP Wright's opinion was an opinion reserved for the

---

[5] Specifically, Dr. Lilly diagnosed Williamson with and treated her for hypertension, obesity, restrictive lung disease, gastrointestinal issues, leg pain, chest pain, anemia, and back pain, all of which were discussed in evaluating Willaimson's impairments in step-two. (ECF No. 10-9 at 73–98).

Commissioner, and, as such, was not entitled to any special weight. 20 C.F.R. § 416.927(d). To the extent that CNP Wright's opinion was not one reserved for the Commissioner, the court finds that her opinion is not subject to the treating physician rule because CNP Wright is a nurse practitioner, which is not an accepted medical source. 20 C.F.R. § 404.1513(d)(1)[6]; SSR 06-03p (listing nurse practitioners as medical sources that are not "acceptable medical sources"). However, even though CNP Wright's opinion is not entitled to the deferential standard of the treating physician rule, the ALJ still had a duty to evaluate her opinion and weigh the opinion in light of the other evidence. 20 C.F.R. §§ 404.5127(f), 416.927(f).

The ALJ evaluated CNP Wright's opinion and discussed why he gave it little weight. (ECF No. 10-2 at 18). The ALJ stated that CNP Wright's "findings were not consistent with the objective evidence available" and that the opinion "departs substantially from the rest of the evidence of record." *Id.* The magistrate judge determined that she was "unable to find that this conclusion [was] not supported by substantial evidence." (ECF No. 17 at 21). Williamson objected to this, specifically arguing that because the ALJ did not consider Dr. Lilly's medical records when assessing CNP Wright's opinion, it was improper to conclude that CNP Wright's position was "inconsistent with the evidence." (ECF No. 19 at 8). However, as discussed above, the ALJ did consider Dr. Lilly's medical records when assessing Williamson's claims, so this assertion is without merit.

Additionally, Williamson asserts that it is erroneous to conclude that CNP Wright's opinion is inconsistent with the evidence because Dr. Lilly's reports support her opinion. (ECF No. 19 at 9). However, as the magistrate judge stated, Williamson has "failed to point to any evidence of record to support a finding that [Williamson] is as severely limited as CNP Wright

---

[6] This is the version of the rule that was applicable at the time of the filing of this claim and explains how the term "acceptable medical source" is used in §§ 404.15237, 416.927.

opined." (ECF No. 17 at 21). After reviewing all of the medical evidence, including the treatment notes of Dr. Lilly, this court finds that the ALJ's determination that CNP Wright's opinion was inconsistent with the medical evidence is supported by substantial evidence, and, that, therefore, the ALJ did not err in assigning her opinion little weight.

### III. Williamson's Credibility

The ALJ determined that Williamson was not entirely credible because (1) her "allegedly limited daily activities [could not] be objectively verified"; (2) it was "difficult to attribute the degree of limitation to claimant's medical condition as opposed to other reasons" because of weak medical evidence; and (3) her medical treatment had been conservative and was not of "the type of treatment one would expect for a totally disabled individual." (ECF No. 10-2 at 18–19). The magistrate judge determined that the ALJ's credibility analysis was supported by substantial evidence. (ECF No. 17 at 25).

Williamson objected to the magistrate judge's finding, arguing that the magistrate judge contradicted herself by first stating that objective, observable signs of pain are not necessary for a finding of disability and then stating that the ALJ's determination was proper "due to the lack of objective medical evidence." (ECF No. 19 at 10–11). However, the magistrate judge did not find that the ALJ's decision was based on substantial evidence solely because there was no objective evidence of pain. Instead, the magistrate judge properly stated that "[t]he ALJ cited several reasons for discounting [Williamson's] credibility." (ECF No. 17 at 25). While the "absence of objective medical evidence of intensity, severity, degree or functional effect of pain is not determinative" of the disability analysis, the absence of such objective findings can be considered with all of the other evidence in determining whether a plaintiff's claims of pain are credible. *Craig v. Chater*, 76 F.3d 585, 595 (4th Cir. 1996). The ALJ stated that his

9

determination that Williamson's testimony was not entirely credible was based, not only on the fact that there was no objective evidence to support Williamson's asserted level of pain, but also on the conservative treatment history that Williamson had received for her symptoms. (ECF No. 10-2 at 18–19). The ALJ described, in detail, this conservative treatment history and why it did not support the level of pain Williamson asserted. *Id.* Accordingly, this court finds that the ALJ's reasoning for why he did not find Williamson's testimony entirely credible was supported by substantial evidence, and, therefore, Williamson's objection is overruled.

## CONCLUSION

After carefully reviewing the record, the court finds that the ALJ, in reviewing the medical history and subjective testimony, conducted a thorough and detailed review of Williamson's impairments, arguments, and functional capacity. Likewise, the magistrate judge considered each of Williamson's arguments and properly addressed each in turn, finding them without merit. Having conducted the required *de novo* review of the issues to which Williamson has specifically objected, the court finds no basis for disturbing the Report. Therefore, the court adopts the Report (ECF No. 17) and incorporates it herein. Accordingly, for the reasons set out above and in the Report, the Commissioner's decision is **AFFIRMED.**

**IT IS SO ORDERED.**

s/Timothy M. Cain  
United States District Judge

Anderson, South Carolina  
March 6, 2018